UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
ELY EDDI,                                                                                  :        Docket No.
                                                                                                  :        1:26-cv-02647-NRM-JRC
                                                                                                  :
                                                                  Plaintiff,                 :
                                                                                                  :
              -against-                                                                     :
                                                                                                  :
ELLIOT ANTEBI, RACHEL ANTEBI F/K/A                              :
SUTTON and ELLEMARK MANAGEMENT LLC,                  :
                                                                  Defendants.            :
------------------------------------------------------------------- X

**ANSWER TO SECOND AMENDED COMPLAINT AS LIMITED BY MARCH 31, 2026
OPINION AND ORDER**

      Defendants ELLIOT ANTEBI, RACHEL ANTEBI F/K/A SUTTON ("Rachel Antebi," and

together with Elliot Antebi, the "Individual Defendants") and ELLEMARK MANAGEMENT

LLC ("Ellemark," and together with the Individual Defendants, "Defendants"), by and through

their attorneys Gutman Weiss, P.C., respectfully submit this Answer to Plaintiff Ely Eddi's Second

Amended Complaint (the "SAC") as limited by the Court's March 31, 2026 Opinion and Order

(the "Order"). Any allegations that are not expressly admitted are hereby denied.

      Defendants answer only those allegations and claims that remain pending after the Order

and Plaintiff's April 14, 2026 letter advising the Court that Plaintiff does not intend to pursue as

direct claims either the allegations in SAC paragraph 67 or Count IX. No response is required to

allegations dismissed by the Court or abandoned by Plaintiff, including allegations arising from

paragraphs 22(vi), 29-31, 49(iv), 49(vi), 53, 66(iii), 66(v), 81(iii), 81(v), 82-83, 86, 93, 112-114,

135(vii), 136(v), 137(vi)-(vii), 138(vi), 141-142, 144, 219(iv), paragraph 67, and Count IX. To the

extent any response to dismissed or abandoned allegations is deemed required, Defendants deny

those allegations.

1

Defendants further deny that Plaintiff is entitled to recover for any derivative injury to any limited liability company, deny that Plaintiff has standing to assert claims belonging to any limited liability company, and deny that Plaintiff is entitled to damages, punitive or exemplary damages, attorneys' fees, costs, interest, an accounting, a constructive trust, or any other relief except as expressly admitted herein.

## NATURE OF THE CASE

1.    Denied, including the characterization of this action and the allegations of wrongdoing. Further answering, Defendants allege that this action arises from a family investment relationship and disputed accounting issues following distressed real estate investments, not fraud, misappropriation, breach of fiduciary duty, or other intentional wrongdoing by Defendants.

## PARTIES

2.    The allegation(s) contained in paragraph 2 of the SAC is/are denied.

3.    The allegation(s) contained in paragraph 3 of the SAC is/are admitted.

4.    The allegation(s) contained in paragraph 4 of the SAC is/are admitted.

5.    Defendants admit that Ellemark Management LLC is an Ohio limited liability company. Defendants deny the remaining allegations of paragraph 5.

## JURISDICTION AND VENUE

6.    Paragraph 6 of the SAC contains assertion of law to which no responsive pleading is required. Defendants defer all questions of law to the Court for resolution. To the extent that a responsive pleading is required, such allegation(s) is/are denied.

7.      Paragraph 7 of the SAC contains assertion of law to which no responsive pleading is required. Defendants defer all questions of law to the Court for resolution. To the extent that a responsive pleading is required, such allegation(s) is/are denied.

8.      Defendants admit that the parties consented to transfer of this action to the Eastern District of New York. Defendants deny the remaining allegations of paragraph 8, including that venue was proper in the Southern District of New York.

### ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

9.      The allegation(s) contained in paragraph 9 of the SAC is/are admitted.

10.     The allegation(s) contained in paragraph 10 of the SAC is/are admitted.

11.     The allegation(s) contained in paragraph 11 of the SAC is/are denied in as much as it characterization of Plaintiff and Rachel Antebi's relationship as "cousins by marriage." Defendants deny that the phrase has a clear or commonly understood meaning as applied here.

12.     The allegation(s) contained in paragraph 12 of the SAC is/are denied.

13.     Paragraph 13 of the SAC contains assertion of law to which no responsive pleading is required. Defendants defer all questions of law to the Court for resolution. To the extent that a responsive pleading is required, such allegation(s) is/are denied.

14.     The allegation(s) contained in paragraph 14 of the SAC is/are admitted.

15.     The allegation(s) contained in paragraph 15 of the SAC is/are denied.

16.     The allegation(s) contained in paragraph 16 of the SAC is/are admitted.

17.     The allegation(s) contained in paragraph 17 of the SAC is/are denied.

18.     The allegation(s) contained in paragraph 18 of the SAC is/are denied.

19.     The allegation(s) contained in paragraph 19 of the SAC is/are denied.

20.     The allegation(s) contained in paragraph 20 of the SAC is/are denied.

3

21.     The allegation(s) contained in paragraph 21 of the SAC is/are denied.

22.     The allegations in paragraph 22(vi) were dismissed by the Order and no response is required as to that subparagraph. Defendants deny the remaining allegations of paragraph 22.

23.     Defendants admit that Plaintiff made an investment relating to 169-171 BH LLC.  Defendants deny the remaining allegations of paragraph 23.

24.     Defendants admit that funds were transferred in connection with 169-171 BH LLC. Defendants deny that the transfers occurred as alleged and deny the remaining allegations of paragraph 24.

25.     The allegation(s) contained in paragraph 25 of the SAC is/are denied.

26.     The allegation(s) contained in paragraph 26 of the SAC is/are denied.

27.     The allegation(s) contained in paragraph 27 of the SAC is/are denied.

28.     The allegation(s) contained in paragraph 28 of the SAC is/are admitted, and all funds were used to purchase property.

29.     The allegations of this paragraph were dismissed by the Court's March 31, 2026 Opinion and Order, and no response is required. To the extent a response is deemed required, denied.

30.     The allegations of this paragraph were dismissed by the Court's March 31, 2026 Opinion and Order, and no response is required. To the extent a response is deemed required, denied.

31.     The allegations of this paragraph were dismissed by the Court's March 31, 2026 Opinion and Order, and no response is required. To the extent a response is deemed required, denied.

32.    The allegation(s) contained in paragraph 32 of the SAC is/are denied.

33.    Defendants admit that Plaintiff advanced certain funds in connection with 169-171 BH LLC. Defendants deny the amount, characterization, nonpayment allegation, and remaining allegations of paragraph 33. Further answering, Defendants deny that Plaintiff advanced funds disproportionate to his obligations when all contributions, credits, payments, shortfalls, carrying costs, and amounts advanced or incurred by Elliot Antebi are properly accounted for.

34.    Denied. Further answering, Defendants deny that Elliot Antebi failed to contribute his share and affirmatively allege that Elliot Antebi advanced funds and incurred obligations in excess of his proportionate share to preserve the investment, address property-level distress, satisfy carrying costs, and mitigate losses.

35.    Defendants admit that a transaction occurred relating to 171 First Avenue. Defendants deny that it occurred without Plaintiff's knowledge or consent, deny that any proceeds belonging to Plaintiff were distributed to Defendants or their entities, and deny the remaining allegations of paragraph 35.

36.    Defendants admit that documents were executed relating to the financing and/or disposition of property associated with 169-171 BH LLC. Defendants deny the remaining allegations of paragraph 36.

37.    The allegation(s) contained in paragraph 37 of the SAC is/are denied.

38.    The allegation(s) contained in paragraph 38 of the SAC is/are denied.

39.    The allegation(s) contained in paragraph 39 of the SAC is/are denied.

40.    The allegation(s) contained in paragraph 40 of the SAC is/are admitted.

41.    The allegation(s) contained in paragraph 41 of the SAC is/are denied.

42.     The allegation(s) contained in paragraph 42 of the SAC is/are admitted.

43.     The allegation(s) contained in paragraph 43 of the SAC is/are denied.

44.     The allegation(s) contained in paragraph 44 of the SAC is/are denied.

45.     Defendants admit that Plaintiff invested in 262 BH LLC. Defendants deny the alleged agreement, alleged proportional entitlement, and remaining allegations of paragraph 45.

46.     The allegation(s) contained in paragraph 46 of the SAC is/are denied.

47.     The allegation(s) contained in paragraph 47 of the SAC is/are denied.

48.     The allegation(s) contained in paragraph 48 of the SAC is/are denied.

49.     The allegations in paragraph 49(iv) and 49(vi) were dismissed by the Order and no response is required as to those subparagraphs. Defendants deny the remaining allegations of paragraph 49.

50.     The allegation(s) contained in paragraph 50 of the SAC is/are admitted.

51.     The allegation(s) contained in paragraph 51 of the SAC is/are denied.

52.     The allegation(s) contained in paragraph 52 of the SAC is/are denied.

53.     The allegations of this paragraph were dismissed by the Court's March 31, 2026 Opinion and Order, and no response is required. To the extent a response is deemed required, denied.

54.     The allegation(s) contained in paragraph 54 of the SAC is/are denied.

55.     The allegation(s) contained in paragraph 55 of the SAC is/are denied.

56.     The allegation(s) contained in paragraph 56 of the SAC is/are denied.

57.     The allegation(s) contained in paragraph 57 of the SAC is/are admitted.

58.     The allegation(s) contained in paragraph 58 of the SAC is/are denied.

59.     The allegation(s) contained in paragraph 59 of the SAC is/are admitted.

60.     The allegation(s) contained in paragraph 60 of the SAC is/are denied.

61.     The allegation(s) contained in paragraph 61 of the SAC is/are denied.

62.     The allegation(s) contained in paragraph 62 of the SAC is/are denied.

63.     The allegation(s) contained in paragraph 63 of the SAC is/are denied.

64.     The allegation(s) contained in paragraph 64 of the SAC is/are denied.

65.     The allegation(s) contained in paragraph 65 of the SAC is/are denied.

66.     The allegations in paragraph 66(iii) and 66(v) were dismissed by the Order and no response is required as to those subparagraphs. Defendants deny the remaining allegations of paragraph 66.

67.     Plaintiff has abandoned any direct claim based on paragraph 67 pursuant to Plaintiff's April 14, 2026 letter to the Court advising that Plaintiff does not intend to pursue the claim as a direct claim in this action. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny the allegations of paragraph 67.

68.     Claims based on alleged injury to Downtown BH LLC are barred or limited by the Court's Order. To the extent a response is required, Defendants deny the allegations contained in paragraph 68.

69.     The allegation(s) contained in paragraph 69 of the SAC is/are denied.

70.     The allegation(s) contained in paragraph 70 of the SAC is/are denied.

71.     The allegation(s) contained in paragraph 71 of the SAC is/are denied.

72.     The allegation(s) contained in paragraph 72 of the SAC is/are admitted.

73.     The allegation(s) contained in paragraph 73 of the SAC is/are admitted.

74.     The allegation(s) contained in paragraph 74 of the SAC is/are admitted.

75.     The allegation(s) contained in paragraph 75 of the SAC is/are denied.

76.     The allegation(s) contained in paragraph 76 of the SAC is/are denied.

77.     The allegation(s) contained in paragraph 77 of the SAC is/are denied.

78.     The allegation(s) contained in paragraph 78 of the SAC is/are denied.

79.     The allegation(s) contained in paragraph 79 of the SAC is/are denied.

80.     The allegation(s) contained in paragraph 80 of the SAC is/are denied.

81.     The allegations in paragraph 81(iii) and 81(v) were dismissed by the Order and no response is required as to those subparagraphs. Defendants deny the remaining allegations of paragraph 81.

82.     The allegations of this paragraph were dismissed by the Court's March 31, 2026 Opinion and Order, and no response is required. To the extent a response is deemed required, denied.

83.     The allegations of this paragraph were dismissed by the Court's March 31, 2026 Opinion and Order, and no response is required. To the extent a response is deemed required, denied.

84.     The allegation(s) contained in paragraph 84 of the SAC is/are denied.

85.     The allegation(s) contained in paragraph 85 of the SAC is/are denied.

86.     The allegations of this paragraph were dismissed by the Court's March 31, 2026 Opinion and Order, and no response is required. To the extent a response is deemed required, denied.

87.     The allegation(s) contained in paragraph 87 of the SAC is/are denied.

88.     The allegation(s) contained in paragraph 88 of the SAC is/are denied.

89.     The allegation(s) contained in paragraph 89 of the SAC is/are admitted to the extent that Plaintiff made contributions. All other allegations contained in  paragraph 89 are denied.

90.     The allegation(s) contained in paragraph 90 of the SAC is/are denied.

91.     The allegation(s) contained in paragraph 91 of the SAC is/are denied.

92.     The allegation(s) contained in paragraph 92 of the SAC is/are denied.

93.     The allegations of this paragraph were dismissed by the Court's March 31, 2026 Opinion and Order, and no response is required. To the extent a response is deemed required, denied.

94.     The allegation(s) contained in paragraph 94 of the SAC is/are denied.

95.     The allegation(s) contained in paragraph 95 of the SAC is/are denied.

96.     Defendants lack knowledge or information sufficient to admit the allegations concerning Plaintiff's alleged source of funds and therefore deny them. Defendants deny the remaining allegations of paragraph 96.

97.     The allegation(s) contained in paragraph 97 of the SAC is/are denied.

98.     Defendants admit that payments were made in connection with the July 2020 transaction. Defendants deny the remaining allegations of paragraph 98.

99.     The allegation(s) contained in paragraph 99 of the SAC is/are admitted.

100.    The allegation(s) contained in paragraph 100 of the SAC is/are denied.

101.    The allegation(s) contained in paragraph 101 of the SAC is/are denied.

102.    The allegation(s) contained in paragraph 102 of the SAC is/are admitted.

103.    Admitted that SOMI Retail BH LLC was established to be a member of S Miami Retail BH LLC. Defendants deny any implication of wrongdoing.

104.    The allegation(s) contained in paragraph 104 of the SAC is/are denied.

105.    The allegation(s) contained in paragraph 105 of the SAC is/are denied.

106.    The allegation(s) contained in paragraph 106 of the SAC is/are denied.

107.    The allegation(s) contained in paragraph 107 of the SAC is/are denied.

108.    The allegation(s) contained in paragraph 108 of the SAC is/are denied.

109.    The allegation(s) contained in paragraph 109 of the SAC is/are denied.

110.    This paragraph states legal conclusions concerning Florida law to which no response is required. To the extent a response is required, denied.

111.    The allegation(s) contained in paragraph 111 of the SAC is/are denied.

112.    The allegations of this paragraph were dismissed by the Court's March 31, 2026 Opinion and Order, and no response is required. To the extent a response is deemed required, denied.

113.    The allegations of this paragraph were dismissed by the Court's March 31, 2026 Opinion and Order, and no response is required. To the extent a response is deemed required, denied.

114.    The allegations of this paragraph were dismissed by the Court's March 31, 2026 Opinion and Order, and no response is required. To the extent a response is deemed required, denied.

115.    The allegation(s) contained in paragraph 115 of the SAC is/are denied.

116.    The allegation(s) contained in paragraph 116 of the SAC is/are denied.

117.    The allegation(s) contained in paragraph 117 of the SAC is/are denied.

118.    The allegation(s) contained in paragraph 118 of the SAC is/are denied.

119.    The allegation(s) contained in paragraph 119 of the SAC is/are denied.

120. The allegation(s) contained in paragraph 120 of the SAC is/are denied.

121. Defendants admit that discussions occurred in or about October 2021 concerning a loan. Defendants deny the remaining allegations of paragraph 121 as stated.

122. Defendants deny that the Individual Defendants asked Plaintiff to secure a loan using his personal property, made the promises alleged, deny the alleged commitment to use Miami property proceeds as alleged, deny the alleged secured-buyer representation as stated, and deny the remaining allegations of paragraph 122.

123. Defendants lack knowledge or information sufficient to admit the terms of Plaintiff's collateral agreement with the lender and therefore deny the allegations of paragraph 123.

124. The allegation(s) contained in paragraph 124 of the SAC is/are denied.

125. Defendants admit that a sale of a Miami property occurred. Defendants deny the remaining allegations of paragraph 125.

126. Defendants lack knowledge or information sufficient to admit Plaintiff's alleged monthly fee payments and alleged loss of collateral and therefore deny those allegations. Defendants deny that any such alleged loss was caused by Defendants and deny the remaining allegations of paragraph 126.

127. The allegation(s) contained in paragraph 127 of the SAC is/are denied.

128. The allegation(s) contained in paragraph 128 of the SAC is/are denied.

129. The allegation(s) contained in paragraph 129 of the SAC is/are denied.

**AS AND FOR AN ANSWER TO PLAINTIFF'S FIRST CAUSE OF ACTION**

130. Defendants repeat and reallege their responses to the preceding paragraphs as if fully set forth herein.

131.    Paragraph 131 of the SAC contains assertion of law to which no responsive pleading is required. Defendants defer all questions of law to the Court for resolution. To the extent that a responsive pleading is required, such allegation(s) is/are denied.

132.    Paragraph 132 of the SAC contains assertion of law to which no responsive pleading is required. Defendants defer all questions of law to the Court for resolution. To the extent that a responsive pleading is required, such allegation(s) is/are denied.

133.    The allegation(s) contained in paragraph 133 of the SAC is/are denied.

134.    The allegation(s) contained in paragraph 134 of the SAC is/are denied.

135.    The allegations in paragraph 135(vii) were dismissed by the Order and no response is required as to that subparagraph. Defendants deny the remaining allegations of paragraph 135.

136.    The allegations in paragraph 136(v) were dismissed by the Order and no response is required as to that subparagraph. Defendants deny the remaining allegations of paragraph 136.

137.    The allegations in paragraph 137(vi) and 137(vii) were dismissed by the Order and no response is required as to those subparagraphs. Defendants deny the remaining allegations of paragraph 137.

138.    The allegations in paragraph 138(vi) were dismissed by the Order and no response is required as to that subparagraph. Defendants deny the remaining allegations of paragraph 138.

139.    The allegation(s) contained in paragraph 139 of the SAC is/are denied.

140.    The allegation(s) contained in paragraph 140 of the SAC is/are denied.

141.    The allegations of this paragraph were dismissed by the Court's March 31, 2026 Opinion and Order, and no response is required. To the extent a response is deemed required, denied.

142.     The allegations of this paragraph were dismissed by the Court's March 31, 2026 Opinion and Order, and no response is required. To the extent a response is deemed required, denied.

143.     The allegation(s) contained in paragraph 143 of the SAC is/are denied.

144.     The allegations of this paragraph were dismissed by the Court's March 31, 2026 Opinion and Order, and no response is required. To the extent a response is deemed required, denied.

## AS AND FOR AN ANSWER TO PLAINTIFF'S SECOND CAUSE OF ACTION

145.     Defendants repeat and reallege their responses to the preceding paragraphs as if fully set forth herein.

146.     The allegation(s) contained in paragraph 146 of the SAC is/are denied.

147.     Defendants admit that Plaintiff made an investment relating to 169-171 BH LLC. Defendants deny the remaining allegations of paragraph 147.

148.     The allegation(s) contained in paragraph 148 of the SAC is/are admitted.

149.     The allegation(s) contained in paragraph 149 of the SAC is/are denied.

150.     The allegation(s) contained in paragraph 150 of the SAC is/are denied.

151.     The allegation(s) contained in paragraph 151 of the SAC is/are denied.

152.     The allegation(s) contained in paragraph 152 of the SAC is/are denied.

## AS AND FOR AN ANSWER TO PLAINTIFF'S THIRD CAUSE OF ACTION

153.     Defendants repeat and reallege their responses to the preceding paragraphs as if fully set forth herein.

154.     The allegation(s) contained in paragraph 154 of the SAC is/are denied.

155.     The allegation(s) contained in paragraph 155 of the SAC is/are denied.

156. Defendants admit that Plaintiff made an investment relating to 169-171 BH LLC. Defendants deny the remaining allegations of paragraph 156.

157. The allegation(s) contained in paragraph 157 of the SAC is/are denied.

158. The allegation(s) contained in paragraph 158 of the SAC is/are denied.

159. The allegation(s) contained in paragraph 159 of the SAC is/are denied.

**AS AND FOR AN ANSWER TO PLAINTIFF'S FOURTH CAUSE OF ACTION**

160. Defendants repeat and reallege their responses to the preceding paragraphs as if fully set forth herein.

161. Defendants admit that Plaintiff invested in 262 BH LLC. All other allegations contained therein are denied.

162. Defendants admit that Plaintiff provided certain funds relating to 262 BH LLC. All other allegations contained therein are denied.

163. Defendants admit that 262 BH LLC was formed and acquired 262 Mott Street using, in part, Plaintiff's contributions. All other allegations contained therein are denied.

164. The allegation(s) contained in paragraph 164 of the SAC is/are denied.

165. The allegation(s) contained in paragraph 165 of the SAC is/are denied.

166. The allegation(s) contained in paragraph 166 of the SAC is/are denied.

167. The allegation(s) contained in paragraph 167 of the SAC is/are denied.

**AS AND FOR AN ANSWER TO PLAINTIFF'S FIFTH CAUSE OF ACTION**

168. Defendants repeat and reallege their responses to the preceding paragraphs as if fully set forth herein.

169. Defendants admit that Plaintiff invested in 262 BH LLC which had been established to purchase 262 Mott St. All other allegations contained therein are denied.

170.    Defendants admit that Plaintiff provided funds relating to 262 BH LLC. Defendants deny the alleged timing, reliance, promise, directions, and remaining allegations of paragraph 170.

171.    The allegation(s) contained in paragraph 171 of the SAC is/are denied.

172.    The allegation(s) contained in paragraph 172 of the SAC is/are denied.

173.    The allegation(s) contained in paragraph 173 of the SAC is/are denied.

**AS AND FOR AN ANSWER TO PLAINTIFF'S SIXTH CAUSE OF ACTION**

174.    Defendants repeat and reallege their responses to the preceding paragraphs as if fully set forth herein.

175.    The allegation(s) contained in paragraph 175 of the SAC is/are denied.

176.    Defendants lack knowledge or information sufficient to admit Plaintiff's alleged borrowing from a third party and therefore deny that allegation. Defendants deny the remaining allegations of paragraph 176.

177.    The allegation(s) contained in paragraph 177 of the SAC is/are denied.

178.    The allegation(s) contained in paragraph 178 of the SAC is/are denied.

179.    The allegation(s) contained in paragraph 179 of the SAC is/are denied.

180.    The allegation(s) contained in paragraph 180 of the SAC is/are denied.

181.    The allegation(s) contained in paragraph 181 of the SAC is/are denied.

**AS AND FOR AN ANSWER TO PLAINTIFF'S SEVENTH CAUSE OF ACTION**

182.    Defendants repeat and reallege their responses to the preceding paragraphs as if fully set forth herein.

183.    The allegation(s) contained in paragraph 183 of the SAC is/are denied.

184.    The allegation(s) contained in paragraph 184 of the SAC is/are denied.

185.    The allegation(s) contained in paragraph 185 of the SAC is/are denied.

186.    The allegation(s) contained in paragraph 186 of the SAC is/are denied.

187.    The allegation(s) contained in paragraph 187 of the SAC is/are denied.

**AS AND FOR AN ANSWER TO PLAINTIFF'S EIGHTH CAUSE OF ACTION**

188.    Defendants repeat and reallege their responses to the preceding paragraphs as if fully set forth herein.

189.    Paragraph 189 of the SAC contains assertion of law to which no responsive pleading is required. Defendants defer all questions of law to the Court for resolution. To the extent that a responsive pleading is required, such allegation(s) is/are denied.

190.    The allegation(s) contained in paragraph 190 of the SAC is/are denied.

191.    Paragraph 191 of the SAC contains assertion of law to which no responsive pleading is required. Defendants defer all questions of law to the Court for resolution. To the extent that a responsive pleading is required, such allegation(s) is/are denied.

192.    The allegation(s) contained in paragraph 192 of the SAC is/are denied.

193.    The allegation(s) contained in paragraph 193 of the SAC is/are denied.

194.    The allegation(s) contained in paragraph 194 of the SAC is/are denied.

**AS AND FOR AN ANSWER TO PLAINTIFF'S NINTH CAUSE OF ACTION**

195.    Count IX, including paragraphs 195 through 199, has been abandoned by Plaintiff pursuant to Plaintiff's April 14, 2026 letter to the Court advising that Plaintiff does not intend to pursue Count IX as a direct claim in this action. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny the allegations of paragraph 195.

196.    Count IX, including paragraphs 195 through 199, has been abandoned by Plaintiff pursuant to Plaintiff's April 14, 2026 letter to the Court. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny the allegations of paragraph 196.

197.    Count IX has been abandoned by Plaintiff pursuant to Plaintiff's April 14, 2026 letter to the Court. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny the allegations of paragraph 197.

198.    Count IX has been abandoned by Plaintiff pursuant to Plaintiff's April 14, 2026 letter to the Court. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny the allegations of paragraph 198 and deny that Plaintiff is entitled to any relief under Count IX.

199.    Count IX has been abandoned by Plaintiff pursuant to Plaintiff's April 14, 2026 letter to the Court. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny the allegations of paragraph 199 and deny that Plaintiff is entitled to a constructive trust or any other relief under Count IX.

**AS AND FOR AN ANSWER TO PLAINTIFF'S TENTH CAUSE OF ACTION**

200.    Defendants repeat and reallege their responses to the preceding paragraphs as if fully set forth herein.

201.    Paragraph 201 of the SAC contains assertion of law to which no responsive pleading is required. Defendants defer all questions of law to the Court for resolution. To the extent that a responsive pleading is required, such allegation(s) is/are denied.

202.    Defendants lack knowledge or information sufficient to admit the allegations concerning Plaintiff's obligations under any third-party agreement and therefore deny them. Defendants deny the remaining allegations of paragraph 202.

17

203.    The allegation(s) contained in paragraph 203 of the SAC is/are denied.

204.    The allegation(s) contained in paragraph 204 of the SAC is/are denied.

205.    The allegation(s) contained in paragraph 205 of the SAC is/are denied.

206.    The allegation(s) contained in paragraph 206 of the SAC is/are denied.

207.    The allegation(s) contained in paragraph 207 of the SAC is/are denied.

## AS AND FOR AN ANSWER TO PLAINTIFF'S ELEVENTH CAUSE OF ACTION

208.    Defendants repeat and reallege their responses to the preceding paragraphs as if fully set forth herein.

209.    This paragraph states legal conclusions and alternative legal theories to which no response is required. To the extent a response is required, denied.

210.    Defendants admit that discussions occurred concerning a loan transaction. Defendants deny the remaining allegations of paragraph 210.

211.    The allegation(s) contained in paragraph 211 of the SAC is/are denied.

212.    The allegation(s) contained in paragraph 212 of the SAC is/are denied.

213.    The allegation(s) contained in paragraph 213 of the SAC is/are denied.

214.    The allegation(s) contained in paragraph 214 of the SAC is/are denied.

215.    The allegation(s) contained in paragraph 215 of the SAC is/are denied.

216.    The allegation(s) contained in paragraph 216 of the SAC is/are denied.

217.    The allegation(s) contained in paragraph 217 of the SAC is/are denied.

## AS AND FOR AN ANSWER TO PLAINTIFF'S TWELFTH CAUSE OF ACTION

218.    Defendants repeat and reallege their responses to the preceding paragraphs as if fully set forth herein.

Case 1:26-cv-02647-NRM-JRC Document 186 Filed 05/21/26 Page 19 of 34 PageID #: 45

219.    The allegations in paragraph 219(iv) were dismissed by the Order and no response is required as to that subparagraph. Defendants deny the remaining allegations of paragraph 219.

220.    The allegation(s) contained in paragraph 220 of the SAC is/are denied.

221.    The allegation(s) contained in paragraph 221 of the SAC is/are denied.

222.    The allegation(s) contained in paragraph 222 of the SAC is/are denied.

223.    The allegation(s) contained in paragraph 223 of the SAC is/are denied.

## AS AND FOR AN ANSWER TO THE PRAYER FOR RELIEF AND JURY DEMAND

224.    Defendants deny that Plaintiff is entitled to any of the relief demanded in the SAC, including compensatory damages, exemplary or punitive damages, attorneys' fees, interest, costs, disbursements, an accounting, constructive trust, equitable relief, or any other relief, except to the extent expressly admitted herein.

225.    Defendants respectfully refer all issues concerning jury trial rights to the Court and applicable law, and reserve all rights with respect thereto.

## AS AND FOR AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

226.    The SAC, as narrowed by the Order, fails to state a claim upon which relief may be granted, in whole or in part.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

227.    To the extent Plaintiff seeks to assert derivative claims, entity-level claims, or claims for relief belonging to any limited liability company or other non-party, such claims are barred by Plaintiff's failure to join necessary and/or indispensable parties.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

228.    Plaintiff's claims are barred, in whole or in part, because the conduct challenged in the SAC consisted of good-faith business, investment, management, and operational decisions made for legitimate purposes and in an effort to preserve assets, address financial distress, satisfy property obligations, manage lender issues, and minimize losses. Such decisions do not give rise to liability merely because Plaintiff disagrees with them in hindsight or because the investments produced losses.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

229.    Plaintiff's claimed damages are speculative, uncertain, duplicative, excessive, and/or not recoverable as a matter of law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

230.    Plaintiff's claims are barred or reduced because Plaintiff failed to mitigate his alleged damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

231.    Any recovery must be reduced by all payments, distributions, credits, offsets, reimbursements, capital-account adjustments, benefits received, obligations owed, and amounts due from Plaintiff to Defendants or relevant entities.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

232.    Plaintiff's contract claims are barred because no enforceable contract exists as alleged, including because of lack of mutual assent, lack of definite material terms, lack of consideration, failure of consideration, or other defects.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

233.    Plaintiff's contract and promise-based claims are barred in whole or in part by the applicable statute of frauds to the extent they rest on alleged oral promises that could not be

performed within one year, concern interests in real property, concern guaranty obligations, or otherwise require a writing.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

234.    Plaintiff's claims are barred or reduced by Plaintiff's own breach, nonperformance, failure to satisfy conditions, or failure to comply with obligations.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

235.    Plaintiff's promissory-estoppel claims are barred or limited to the extent an enforceable contract governs the subject matter of the alleged promise.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

236.    Plaintiff's unjust-enrichment claim is barred or limited because an adequate remedy at law exists and/or because an express contract governs the subject matter of the dispute.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

237.    Plaintiff's equitable, quasi-contract, promissory-estoppel, accounting, constructive-trust, and unjust-enrichment theories are duplicative of his legal claims and/or seek duplicative relief.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

238.    Plaintiff is not entitled to a constructive trust because he cannot establish the required elements, including a confidential or fiduciary relationship giving rise to the requested trust, a specific promise, transfer in reliance, unjust enrichment, tracing, identifiable property, or inadequacy of legal remedies.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

239.    Plaintiff's claims are barred or limited by waiver.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

240.    Plaintiff's claims are barred or limited by estoppel.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

241.    Plaintiff's claims are barred or limited because Plaintiff ratified, accepted, consented to, or acquiesced in the acts, transactions, distributions, records, ownership treatment, or course of dealing challenged in the SAC.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

242.    Plaintiff's equitable claims are barred or limited by laches.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

243.    Plaintiff's claims are barred or limited by the applicable statutes of limitation and accrual rules.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

244.    Plaintiff's equitable claims are barred or limited by the doctrine of unclean hands.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

245.    Plaintiff's tort and fiduciary-duty theories are barred or limited to the extent they merely duplicate contract or quasi-contract claims or seek recovery for economic loss without an independent duty.

### AS AND FOR COUNTERCLAIMS

### AS AND FOR A FIRST COUNTERCLAIM
(Defamation Per Se)

246.    Defendants and Counterclaim-Plaintiffs Elliot Antebi and Rachel Antebi f/k/a Sutton repeat and reallege the foregoing paragraphs as if fully set forth herein.

247.    Defendants assert this counterclaim against Plaintiff in the alternative and to preserve their rights in light of the related Kings County Supreme Court action captioned *Eddi v. Antebi et al.*, Index No. 509647/2025.

248.    Defendants have asserted a substantially similar defamation per se counterclaim against Plaintiff in the Kings County action.

249.    Plaintiff has moved to dismiss the counterclaim in the Kings County action, in part, based on a statute of limitations argument.

250.    Defendants deny that the Kings County counterclaim is untimely or otherwise barred.  However, to the extent that the Kings County counterclaim would be untimely for procedural reasons, it would nevertheless be timely as pleaded in this action pursuant to CPLR 203(d).

251.    This counterclaim is asserted in this action in the alternative, in the event the Kings County Supreme Court dismisses the state-court counterclaim on statute of limitations or other procedural grounds.

252.    If the Kings County Supreme Court permits the state-court defamation counterclaim to proceed, Defendants intend to withdraw or discontinue this counterclaim in this action to avoid duplicative litigation.

253.    By asserting this counterclaim in the alternative, Defendants do not concede that the Kings County counterclaim is barred for statute of limitations reasons.

254.    As such, Defendants allege that Counterclaim-Defendant Ely Eddi ("Eddi") authored, published, transmitted, caused to be transmitted, and/or republished a mass email dated September 17, 2024 targeting Counterclaim-Plaintiffs Elliot Antebi and Rachel Antebi (the "Antebi Counterclaim-Plaintiffs").

255.    Eddi transmitted that email to approximately one-hundred and sixty-five recipients — including numerous third parties who were not parties to, witnesses in, counsel in, or otherwise connected with any litigation — but instead consisted of members of the Antebi Counterclaim-Plaintiffs' religious community, business network, and personal social circles. A copy of the email is attached as **Exhibit A**.

256.    In that email, Eddi falsely accused the Antebi Counterclaim-Plaintiffs of having committed fraud, conversion, and theft "to the tune of roughly 2 million dollars." As purported support, Eddi attached pleadings filed in a civil court proceeding in which those accusations were false.

257.    In the same email, Eddi further falsely accused Elliot Antebi of having taken $260,000 without permission, sold property, and wrongfully retained both principal and profits belonging to Eddi.

258.    The email was not a private communication. Eddi attached a photograph of the Antebi Counterclaim-Plaintiffs to ensure his targets were personally identified by every recipient. He addressed his accusations to approximately one-hundred and sixty-five recipients drawn specifically from the Antebi Counterclaim-Plaintiffs' religious community, business circles, and personal network — including prominent rabbis, communal leaders, and business associates. He opened the email by invoking the sanctity of the community [*hakahal hakadosh*], framing his accusations as a matter of collective moral concern demanding communal attention and judgment.

259.    The foregoing statements were statements of fact, not opinion, rhetorical hyperbole, or protected commentary. They accused the Antebi Counterclaim-Plaintiffs of fraud, theft, and financial dishonesty as accomplished and established facts.

260.    The statements were false in every material respect. The Antebi Counterclaim-Plaintiffs did not commit fraud, conversion, or theft. Elliot Antebi did not take $260,000 without permission and did not wrongfully retain any principal or profit belonging to Eddi.

261.    By stating that fraud, conversion, and theft "ha[ve] been perpetrated," Eddi did not report an allegation — he proclaimed a verdict. He told one-hundred and sixty-five members of the Antebi Counterclaim-Plaintiffs' community that they were fraudsters and thieves. That proclamation was false.

262.    By accusing Elliot Antebi of having sold property and "kept" principal and profits belonging to Eddi, Eddi likewise published a false accusation of theft and financial dishonesty as accomplished fact.

263.    The statements were published to third parties without privilege or authorization.

264.    The statements are not protected by the absolute litigation privilege. That privilege attaches to statements made within judicial proceedings, to participants in those proceedings. It does not license a party to extract accusations from court filings and broadcast them as established fact to one-hundred and sixty-five members of the opposing parties' community, their religious leadership, and their business associates.

265.    Nor do the statements constitute a fair and true report of any judicial proceeding. Eddi did not report — he condemned. By declaring that fraud and theft "ha[ve] been perpetrated," he presented accusations as accomplished facts and directed that condemnation to recipients who had no connection to any proceeding. The email was the accusation. In his own words, Eddi told one-hundred and sixty-five people that fraud, conversion, and theft had been committed — not that they had been alleged, not that a court had found anything, but that they

had in fact occurred. The attached pleading was window dressing — a prop deployed to lend the appearance of authority to what was, in substance, Eddi's personal verdict.

266. Eddi acted with common-law malice and actual malice. He was himself a party to the dispute whose accusations he selectively weaponized, and he knew that every statement he published was false and disputed. He nonetheless broadcasted those accusations as established truth to one-hundred and sixty-five recipients personally selected from the Antebi Counterclaim-Plaintiffs' religious community, business network, and personal circles. He attached a photograph to ensure his targets were identified. He invoked communal sanctity to amplify the damage. This was not an act of disclosure, it was an act of destruction.

267. Eddi's purpose in publishing the email was not to seek redress or to report facts. It was to shame, coerce, and punish the Antebi Counterclaim-Plaintiffs by weaponizing their own community against them.

268. The statements expose the Antebi Counterclaim-Plaintiffs to contempt, hatred, ridicule, and disgrace in the eyes of their community, their religious leadership, and their business associates — the very people whose judgment matters most to them.

269. The statements have injured and continue to injure the Antebi Counterclaim-Plaintiffs in their business and professional reputations by branding them as fraudsters and thieves before the community in which they live, work, and worship.

270. Because the statements accuse the Antebi Counterclaim-Plaintiffs of serious criminal conduct — fraud, theft, and conversion — and of conduct fundamentally incompatible with their business and personal reputations, the statements constitute defamation per se and damages are presumed as a matter of law.

26

271.    As a direct and proximate result of Eddi's defamatory statements, disseminated to approximately one-hundred and sixty-five recipients, the Antebi Counterclaim-Plaintiffs have sustained damages, including presumed damages, reputational harm, embarrassment, humiliation, and other compensable injury, in an amount to be determined at trial.

272.    By reason of Eddi's malicious conduct, the Antebi Counterclaim-Plaintiffs are further entitled to an award of punitive damages.

**AS AND FOR A SECOND COUNTERCLAIM**
(Breach of Agreement)

273.    Defendants repeat and reallege the foregoing counterclaim allegations as if fully set forth herein.

274.    Plaintiff Ely Eddi and Defendant Elliot Antebi entered into an agreement concerning their respective investment interests in certain real estate ventures, including the Manhattan property located at 169-171 First Avenue, New York, New York.

275.    Pursuant to the parties' agreement, Eddi held an agreed-upon percentage interest in the investment and was required to bear expenses, carrying costs, debt obligations, operating shortfalls, capital needs, and losses in accordance with that percentage interest.

276.    The parties agreed that the economic burdens and benefits of the investment would be allocated in proportion to their respective ownership interests, including both profits and required contributions toward expenses and shortfalls.

277.    Although the parties' agreement was not reduced to a formal written contract, the agreement was definite, binding, and supported by consideration.

278.    The material terms of the agreement included, among other things: Eddi's percentage interest in the investment; Eddi's obligation to contribute his proportionate share of

27

required funding; Elliot Antebi's obligation to contribute his proportionate share; and the parties' shared understanding that each investor would bear the financial burdens of the investment in accordance with his ownership percentage.

279.    The parties' agreement was further confirmed by their course of dealing, prior contributions, acceptance of benefits, treatment of ownership percentages, communications, and conduct in connection with the investment.

280.    Eddi accepted the benefits of the parties' investment arrangement, including the opportunity to participate in the upside, profits, appreciation, distributions, and other economic benefits of the Manhattan property.

281.    Eddi also understood and agreed that his participation in the investment carried corresponding obligations, including the obligation to fund his proportionate share of expenses, carrying costs, operating shortfalls, debt service, lender obligations, capital needs, and other property-level obligations.

282.    The Manhattan property later became financially distressed due to, among other things, property-level conditions, tenant issues, COVID-related disruptions, restaurant closures and restrictions, lender pressure, debt obligations, increased carrying costs, operating shortfalls, and other circumstances affecting the property.

283.    As a result of those conditions, additional funding was required to preserve the Manhattan property, address lender demands, satisfy debt and carrying obligations, maintain the investment, protect the parties' interests, and minimize losses.

284.    Eddi was required to contribute his proportionate share of those expenses, carrying costs, operating shortfalls, and other financial obligations in accordance with his ownership percentage and the parties' agreement.

285.    Eddi failed and refused to contribute his required proportionate share.

286.    Eddi's failure to contribute his share forced Elliot Antebi to advance, pay, or cause to be paid amounts in excess of Antebi's own proportionate obligation.

287.    Antebi paid or caused to be paid sums that should have been borne by Eddi in accordance with Eddi's ownership percentage and the parties' agreement.

288.    Antebi made those payments to preserve the Manhattan property, address property obligations, avoid or mitigate lender action, protect the investment, and reduce losses.

289.    Eddi breached the parties' agreement by failing and refusing to contribute his proportionate share of required shortfalls, expenses, carrying costs, and financial obligations.

290.    As a direct and proximate result of Eddi's breach, Antebi has sustained damages, including but not limited to excess contributions, advances, payments made on Eddi's behalf, carrying costs, financing costs, interest, losses, and other damages in an amount to be determined at trial.

291.    Antebi performed his obligations under the parties' agreement, except to the extent performance was excused or prevented by Eddi's breach.

292.    Antebi is entitled to recover from Eddi all amounts that Antebi paid in excess of his proportionate share and that Eddi was obligated to pay under the parties' agreement, together with interest, costs, and such other relief as the Court deems just and proper.

## AS AND FOR A THIRD COUNTERCLAIM
(Equitable Contribution, Pled in the Alternative)

293.    Defendants and Counterclaim-Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

294.     This counterclaim is pleaded in the alternative to the breach of oral agreement counterclaim.

295.     Eddi and Antebi shared a common economic interest in the Manhattan property.

296.     By virtue of that common investment interest, Eddi was responsible for his fair and proportionate share of the expenses, carrying costs, operating shortfalls, debt obligations, capital needs, and losses necessary to preserve and maintain the investment.

297.     The Manhattan property required substantial funding to address property-level issues, tenant issues, COVID-related disruptions, lender pressure, debt obligations, operating shortfalls, carrying costs, and other financial burdens.

298.     Antebi paid or caused to be paid more than his fair and proportionate share of those common obligations.

299.     Eddi failed and refused to pay his fair and proportionate share of those common obligations.

300.     Antebi's payments benefited Eddi by satisfying obligations that Eddi should have shared, preserving the investment, protecting Eddi's economic interest, and reducing or avoiding additional harm to the property and investment.

301.     Equity and good conscience require Eddi to reimburse Antebi for Eddi's proportionate share of the amounts Antebi paid in excess of Antebi's own share.

302.     Eddi should not be permitted to retain the benefit of Antebi's payments while avoiding his own proportionate burden for the same investment.

303.     Antebi is therefore entitled to contribution from Eddi in an amount to be determined at trial.

**AS AND FOR A FOURTH COUNTERCLAIM**
(Unjust Enrichment, Pled in the Alternative)

30

304.    Defendants and Counterclaim-Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

305.    This counterclaim is pleaded in the alternative to the breach of oral agreement and equitable contribution counterclaims.

306.    Eddi was enriched by Antebi's payment of expenses, carrying costs, operating shortfalls, debt obligations, capital needs, and other financial obligations that Eddi should have borne in whole or in part.

307.    Antebi made those payments at his own expense and in amounts exceeding his proportionate share of the parties' investment obligations.

308.    Eddi benefited from those payments because they preserved the Manhattan property, protected Eddi's economic interest, satisfied obligations connected to the investment, reduced or avoided lender pressure, and prevented or mitigated additional losses.

309.    Eddi accepted and retained the benefit of Antebi's payments while failing and refusing to reimburse Antebi for Eddi's proportionate share.

310.    It would be against equity and good conscience to permit Eddi to retain the benefit of Antebi's excess payments without reimbursing Antebi.

311.    No adequate remedy at law exists to the extent the parties' oral agreement is found unenforceable, inapplicable, insufficiently definite, or otherwise unavailable as a basis for contract recovery.

312.    Antebi is entitled to recover from Eddi the amount by which Eddi was unjustly enriched, in an amount to be determined at trial.

**WHEREFORE**, Defendants Elliot Antebi, Rachel Antebi f/k/a Sutton, and Ellemark Management LLC respectfully demand judgment as follows:

a. dismissing the SAC, as narrowed by the Court's March 31, 2026 Opinion and Order and Plaintiff's April 14, 2026 letter, in its entirety and with prejudice;

b. denying Plaintiff any recovery, damages, equitable relief, accounting, constructive trust, attorneys' fees, costs, interest, or other relief requested in the SAC;

c. awarding judgment in favor of Counterclaim-Plaintiffs Elliot Antebi and Rachel Antebi f/k/a Sutton and against Plaintiff Ely Eddi on the First Counterclaim for defamation per se, including compensatory damages, presumed damages, punitive damages, costs, disbursements, and such other relief as the Court deems just and proper;

d. awarding judgment in favor of Counterclaim-Plaintiff Elliot Antebi and against Plaintiff Ely Eddi on the Second Counterclaim for breach of agreement, including damages in an amount to be determined at trial, together with pre-judgment interest, costs, disbursements, and such other relief as the Court deems just and proper;

e. in the alternative, awarding judgment in favor of Counterclaim-Plaintiff Elliot Antebi and against Plaintiff Ely Eddi on the Third Counterclaim for equitable contribution, including contribution and/or reimbursement of amounts paid by Antebi in excess of his proportionate share and attributable to Eddi's proportionate share, in an amount to be determined at trial, together with pre-judgment interest, costs, disbursements, and such other relief as the Court deems just and proper;

f. in the alternative, awarding judgment in favor of Counterclaim-Plaintiff Elliot Antebi and against Plaintiff Ely Eddi on the Fourth Counterclaim for unjust enrichment, including restitution, reimbursement, and/or damages in an amount to be determined at trial,

together with pre-judgment interest, costs, disbursements, and such other relief as the Court deems just and proper;

g.  awarding Defendants and Counterclaim-Plaintiffs all applicable setoffs, offsets, credits, recoupment, reimbursements, and reductions against any recovery sought by Plaintiff;

h.  awarding Defendants and Counterclaim-Plaintiffs costs and disbursements of this action; and

i.  granting Defendants and Counterclaim-Plaintiffs such other and further relief as the Court deems just and proper.


Dated: Brooklyn, New York
       May 21, 2026

                                        GUTMAN WEISS, P.C.
                                        *Attorneys for Defendants*
                                        */s/Kelly Z. Toledano*_____
                                        By: Kelly Z. Toledano, Esq.
                                        2276 Sixty-Fifth Street
                                        Brooklyn, N.Y. 11204
                                        718-259-2100

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: May 21, 2026

*/s/Kelly Z. Toledano*
By: Kelly Z. Toledano, Esq.