# EXHIBIT A

Case 1:26-cv-02647-NRM-JRC    Document 189-1    Filed 06/22/26    Page 2 of 12 PageID #: 74

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------- X

ELY EDDI,
               :   Index No. 509647/2025

               :

               :   **AMENDED ANSWER WITH**

        Plaintiff,   :   **COUNTERCLAIM**

               :

    -against-       :

               :

ELLIOT ANTEBI, RACHEL ANTEBI F/K/A SUTTON and :

SEVENTEEN TRUCK LLC,

               :

        Defendants.  

               X

-------------------------------------------------------------------- 

Defendants Elliot Antebi, Rachel Antebi f/k/a Sutton, and Seventeen Truck LLC (collectively, "Defendants"), by their attorneys, GUTMAN WEISS, P.C., as and for their Answer to the Complaint of Plaintiff Ely Eddi ("Plaintiff"), allege as follows upon knowledge, information and belief. Except as expressly admitted, Defendants deny each and every allegation.

## RESPONSES TO ALLEGATIONS

1. The allegations contained in ¶ 1 of the Complaint are Denied.

2. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 2 of the Complaint; therefore, all such allegations are denied.

3. The allegations contained in ¶ 3 of the Complaint are admitted.

4. The allegations contained in ¶ 4 of the Complaint are admitted.

5. The allegations contained in ¶ 5 of the Complaint are admitted.

6. Paragraph 6 of the Complaint contains assertion of law to which no responsive pleading is required. Defendants defer all questions of law to the Court for resolution. To the extent that a responsive pleading is required, such allegations are denied.

Case 1:26-cv-02647-NRM-JRC    Document 189-1    Filed 06/22/26    Page 3 of 12 PageID #: 75

7. Paragraph 7 of the Complaint contains assertion of law to which no responsive pleading is required. Defendants defer all questions of law to the Court for resolution. To the extent that a responsive pleading is required, such allegations are denied.

8. The allegations contained in ¶ 8 of the Complaint are admitted.

9. The allegations contained in ¶ 9 of the Complaint are admitted.

10. Defendant is without knowledge or information sufficient to form a belief as to the allegations in ¶ 10 that Plaintiff and Mrs. Antebi are 'cousins by marriage,' as that characterization is vague and unclear. Further answering, Plaintiff is the cousin of Mrs. Antebi's husband.

11. The allegations contained in ¶ 11 of the Complaint are denied.

12. The allegations contained in ¶ 12 of the Complaint are denied.

13. The allegations contained in ¶ 13 of the Complaint are denied.

14. The allegations contained in ¶ 14 of the Complaint are denied.

15. The allegations contained in ¶ 15 of the Complaint are denied.

16. The allegations contained in ¶ 16 of the Complaint are denied.

17. The allegations contained in ¶ 17 of the Complaint are denied.

18. The allegations contained in ¶ 18 of the Complaint are denied.

19. The allegations contained in ¶ 19 of the Complaint are denied.

20. The allegations contained in ¶ 20 of the Complaint are denied.

21. The allegations contained in ¶ 21 of the Complaint are denied.

22. The allegations contained in ¶ 22 of the Complaint are denied.

23. Defendants admit only that title to the Brooklyn Property is in the name of Seventeen Truck, and otherwise denies the remaining allegations contained in ¶ 23.

Case 1:26-cv-02647-NRM-JRC   Document 189-1   Filed 06/22/26   Page 4 of 12 PageID #: 76

24. The allegations contained in ¶ 24 of the Complaint are admitted.

25. The allegations contained in ¶ 25 of the Complaint are denied.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment as Against All Defendants)

26. Paragraph 26 of the Complaint is a mere reincorporation of prior allegations to which a responsive pleading is not required. To the extent that a responsive pleading is required, such allegations are denied.

27. Paragraph 27 relates to a cause of action that has been dismissed by this Court by a Decision and Order entered January 9, 2026. Accordingly, no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations.

28. Paragraph 28 relates to a cause of action that has been dismissed by this Court by a Decision and Order entered January 9, 2026. Accordingly, no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations.

29. Paragraph 29 relates to a cause of action that has been dismissed by this Court by a Decision and Order entered January 9, 2026. Accordingly, no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations.

30. Paragraph 30 relates to a cause of action that has been dismissed by this Court by a Decision and Order entered January 9, 2026. Accordingly, no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations.

31. Paragraph 31 relates to a cause of action that has been dismissed by this Court by a Decision and Order entered January 9, 2026. Accordingly, no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations.

Case 1:26-cv-02647-NRM-JRC   Document 189-1   Filed 06/22/26   Page 5 of 12 PageID #: 77

32. Paragraph 32 relates to a cause of action that has been dismissed by this Court by a Decision and Order entered January 9, 2026. Accordingly, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

33. Paragraph 33 relates to a cause of action that has been dismissed by this Court by a Decision and Order entered January 9, 2026. Accordingly, no response is required. To the extent a response is deemed necessary, Defendant denies the allegations.

**SECOND CAUSE OF ACTION**
**(Breach of Contract as Against the Individual Defendants)**

34. Paragraph 34 of the Complaint is a mere reincorporation of prior allegations to which a responsive pleading is not required. To the extent that a responsive pleading is required, such allegations are denied.

35. The allegations contained in ¶ 35 of the Complaint are denied

36. The allegations contained in ¶ 36 of the Complaint are denied.

37. The allegations contained in ¶ 37 of the Complaint are denied.

38. The allegations contained in ¶ 38 of the Complaint are denied.

39. The allegations contained in ¶ 39 of the Complaint are denied.

40. The allegations contained in ¶ 40 of the Complaint are denied.

41. The allegations contained in ¶ 41 of the Complaint are denied. Further answering, this Court by Decision and Order entered January 9, 2026 dismissed all claims of constructive trust.

**THIRD CAUSE OF ACTION**
**(Promissory Estoppel as Against the Individual Defendants)**
**In the Alternative to the Second Cause of Action**

42. Paragraph 42 of the Complaint is a mere reincorporation of prior allegations to which a responsive pleading is not required. To the extent that a responsive pleading is required, such allegations are denied.

Case 1:26-cv-02647-NRM-JRC    Document 189-1    Filed 06/22/26    Page 6 of 12 PageID #: 78

43. The allegations contained in ¶ 43 of the Complaint are denied.

44. The allegations contained in ¶ 44 of the Complaint are denied.

45. The allegations contained in ¶ 45 of the Complaint are denied.

46. The allegations contained in ¶ 46 of the Complaint are denied.

47. The allegations contained in ¶ 47 of the Complaint are denied. Further answering, this Court by Decision and Order entered January 9, 2026 dismissed all claims of constructive trust.

## FOURTH CAUSE OF ACTION
### (Breach of Fiduciary Duties as Against the Individual Defendants)
### In the Alternative to the Second and Third Causes of Action

48. Paragraph 48 of the Complaint is a mere reincorporation of prior allegations to which a responsive pleading is not required. To the extent that a responsive pleading is required, such allegations are denied.

49. The allegations contained in ¶ 49 of the Complaint are denied.

50. The allegations contained in ¶ 50 of the Complaint are denied.

51. The allegations contained in ¶ 51 of the Complaint are denied.

52. The allegations contained in ¶ 52 of the Complaint are denied.

53. The allegations contained in ¶ 53 of the Complaint are denied.  Further answering, this Court by Decision and Order entered January 9, 2026 dismissed all claims of constructive trust.

## FIFTH CAUSE OF ACTION
### (Unjust Enrichment as Against All Defendants)
### In the Alternative to the Second, Third, and Fourth Causes of Action as Against the Individual Defendants

54. Paragraph 54 of the Complaint is a mere reincorporation of prior allegations to which a responsive pleading is not required. To the extent that a responsive pleading is required, such allegations are denied.

55. The allegations contained in ¶ 55 of the Complaint are denied.

Case 1:26-cv-02647-NRM-JRC    Document 189-1    Filed 06/22/26    Page 7 of 12 PageID
#: 79

56. The allegations contained in ¶ 56 of the Complaint are denied.

57. The allegations contained in ¶ 57 of the Complaint are denied.

58. The allegations contained in ¶ 58 of the Complaint are denied.

59. The allegations contained in ¶ 59 of the Complaint are denied.

60. The allegations contained in ¶ 60 of the Complaint are denied. Further answering, this Court by Decision and Order entered January 9, 2026 dismissed all claims of constructive trust.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

61. The Complaint fails to state a cause of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

62. Plaintiff's claims are barred, in whole or in part, by the Statute of Frauds, to the extent they seek to enforce an alleged oral agreement for an ownership interest in real property or an agreement not to be performed within one year.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

63. Plaintiff's equitable theories and any relief affecting title to the Brooklyn Property are barred by the Court's January 9, 2026 Decision and Order dismissing the declaratory judgment/constructive trust theory and cancelling the Notice of Pendency.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

64. Plaintiff's claims are barred in whole or in part by Plaintiff's own conduct, including unclean hands and/or failure to mitigate.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Case 1:26-cv-02647-NRM-JRC    Document 189-1    Filed 06/22/26    Page 8 of 12 PageID #: 80

65. No fiduciary duty existed between Plaintiff and Defendants; and in any event, no breach occurred.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

66. Plaintiff's promissory estoppel and unjust enrichment claims are duplicative and/or barred to the extent an express agreement is found to govern.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

67. Plaintiff is not entitled to punitive damages, exemplary damages, or attorneys' fees on the facts alleged and as a matter of law.

### AS AND FOR A COUNTERCLAIM
#### (Defamation Per Se)

68. Counterclaim-Defendant Ely Eddi ("Eddi") authored, published, transmitted, caused to be transmitted, and/or republished a mass email dated September 17, 2024 targeting Counterclaim-Plaintiffs Elliot Antebi and Rachel Antebi (the "Antebi Counterclaim-Plaintiffs").

69. Eddi transmitted that email to approximately one-hundred and sixty-five recipients — including numerous third parties who were not parties to, witnesses in, counsel in, or otherwise connected with any litigation — but instead consisted of members of the Antebi Counterclaim-Plaintiffs' religious community, business network, and personal social circles.

70. In that email, Eddi falsely accused the Antebi Counterclaim-Plaintiffs of having committed fraud, conversion, and theft "to the tune of roughly 2 million dollars." As purported support, Eddi attached pleadings filed in a civil court proceeding in which those accusations were false.

71. In the same email, Eddi further falsely accused Elliot Antebi of having taken $260,000 without permission, sold property, and wrongfully retained both principal and profits belonging to Eddi.

72. The email was not a private communication. Eddi attached a photograph of the Antebi Counterclaim-Plaintiffs to ensure his targets were personally identified by every recipient. He addressed his accusations to approximately one-hundred and sixty-five recipients drawn specifically from the Antebi Counterclaim-Plaintiffs' religious community, business circles, and personal network — including prominent rabbis, communal leaders, and business associates. He opened the email by invoking the sanctity of the community [*hakahal hakadosh*], framing his accusations as a matter of collective moral concern demanding communal attention and judgment.

73. The foregoing statements were statements of fact, not opinion, rhetorical hyperbole, or protected commentary. They accused the Antebi Counterclaim-Plaintiffs of fraud, theft, and financial dishonesty as accomplished and established facts.

74. The statements were false in every material respect. The Antebi Counterclaim-Plaintiffs did not commit fraud, conversion, or theft. Elliot Antebi did not take $260,000 without permission and did not wrongfully retain any principal or profit belonging to Eddi.

75. By stating that fraud, conversion, and theft "ha[ve] been perpetrated," Eddi did not report an allegation — he proclaimed a verdict. He told one-hundred and sixty-five members of the Antebi Counterclaim-Plaintiffs' community that they were fraudsters and thieves. That proclamation was false.

76. By accusing Elliot Antebi of having sold property and "kept" principal and profits belonging to Eddi, Eddi likewise published a false accusation of theft and financial dishonesty as accomplished fact.

77. The statements were published to third parties without privilege or authorization.

78. The statements are not protected by the absolute litigation privilege. That privilege attaches to statements made within judicial proceedings, to participants in those proceedings. It does not license a party to extract accusations from court filings and broadcast them as established fact to one-hundred and sixty-five members of the opposing parties' community, their religious leadership, and their business associates.

79. Nor do the statements constitute a fair and true report of any judicial proceeding. Eddi did not report — he condemned. By declaring that fraud and theft "ha[ve] been perpetrated," he presented accusations as accomplished facts and directed that condemnation to recipients who had no connection to any proceeding. The email was the accusation. In his own words, Eddi told one-hundred and sixty-five people that fraud, conversion, and theft had been committed — not that they had been alleged, not that a court had found anything, but that they had in fact occurred. The attached pleading was window dressing — a prop deployed to lend the appearance of authority to what was, in substance, Eddi's personal verdict.

80. Eddi acted with common-law malice and actual malice. He was himself a party to the dispute whose accusations he selectively weaponized, and he knew that every statement he published was false and disputed. He nonetheless broadcasted those accusations as established truth to one-hundred and sixty-five recipients personally selected from the Antebi Counterclaim-Plaintiffs' religious community, business network, and personal circles. He attached a photograph

to ensure his targets were identified. He invoked communal sanctity to amplify the damage. This was not an act of disclosure, it was an act of destruction.

81. Eddi's purpose in publishing the email was not to seek redress or to report facts. It was to shame, coerce, and punish the Antebi Counterclaim-Plaintiffs by weaponizing their own community against them.

82. The statements expose the Antebi Counterclaim-Plaintiffs to contempt, hatred, ridicule, and disgrace in the eyes of their community, their religious leadership, and their business associates — the very people whose judgment matters most to them.

83. The statements have injured and continue to injure the Antebi Counterclaim-Plaintiffs in their business and professional reputations by branding them as fraudsters and thieves before the community in which they live, work, and worship.

84. Because the statements accuse the Antebi Counterclaim-Plaintiffs of serious criminal conduct — fraud, theft, and conversion — and of conduct fundamentally incompatible with their business and personal reputations, the statements constitute defamation per se and damages are presumed as a matter of law.

85. As a direct and proximate result of Eddi's defamatory statements, disseminated to approximately one-hundred and sixty-five recipients, the Antebi Counterclaim-Plaintiffs have sustained damages, including presumed damages, reputational harm, embarrassment, humiliation, and other compensable injury, in an amount to be determined at trial.

86. By reason of Eddi's malicious conduct, the Antebi Counterclaim-Plaintiffs are further entitled to an award of punitive damages.

Case 1:26-cv-02647-NRM-JRC   Document 189-1   Filed 06/22/26   Page 12 of 12 PageID #: 84

WHEREFORE, the Antebi Counterclaim-Plaintiffs demand judgment against Ely Eddi as follows:

a. on the Counterclaim for defamation;

b. for compensatory damages in an amount to be determined at trial;

c. for presumed damages as permitted in actions for defamation per se;

d. for punitive damages;

e. for costs and disbursements of this action; and

f. for such other and further relief as the Court deems just and proper.

Dated: Brooklyn, New York
March 16, 2026

GUTMAN WEISS, P.C.
*Attorneys for Defendants*


 */s/Kelly Z. Toledano*
By: Kelly Z. Toledano, Esq.
2276 Sixty-Fifth Street
Brooklyn, N.Y. 11204
718-259-2100