**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ELY EDDI,<br><br>                    *Plaintiff*,<br><br>v.<br><br>ELLIOT ANTEBI, RACHEL ANTEBI F/K/A<br>SUTTON, and ELLEMARK MANAGEMENT<br>LLC,<br><br>                    *Defendants*. | Case No. 1:26-cv-02647-NRM-JRC |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
**THE MOTION TO DISMISS THE DEFAMATION COUNTERCLAIM OF**
**DEFENDANTS ELLIOT ANTEBI AND RACHEL ANTEBI F/K/A SUTTON**

**GREENSPOON MARDER LLP**
Philippe Zimmerman
Brian A. Bloom
Mel DeCandia
1345 Avenue of the Americas, Suite 2200
New York, NY 10105
Phone: (212) 524-5000
philippe.zimmerman@gmlaw.com
brian.bloom@gmlaw.com
mel.decandia@gmlaw.com

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................................ ii

INTRODUCTION ......................................................................................................................1

FACTUAL BACKGROUND......................................................................................................2

ARGUMENT..............................................................................................................................3

I.      LEGAL STANDARD...................................................................................................3

II.     THE ANTEBI DEFANDANTS' COUNTERCLAIM MUST BE DISMISSED
        BECAUSE THE ALLEGED DEFAMATORY STATEMENTS ARE
        PROTECTED BY NEW YORK'S FAIR REPORT PRIVILEGE.....................................3

CONCLUSION.........................................................................................................................6

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adelson v. Harris*,
   973 F. Supp. 2d 467 (S.D.N.Y. 2013) ...................................................................... 3

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).................................................................................................. 3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).................................................................................................. 3

*Bilinski v. Keith Haring Found., Inc.*,
   96 F. Supp. 3d 35 (S.D.N.Y.) ............................................................................... 3, 4

*Biro v. Conde Nast*,
   883 F. Supp. 2d 441 (S.D.N.Y. 2012) ...................................................................... 3

*Cholowsky v. Civiletti*,
   69 A.D.3d 110, 887 N.Y.S.2d 592 (N.Y. App. Div. 2009) ....................................... 4

*Gottwald v. Sebert*,
   40 N.Y.3d 240 (2023) ............................................................................................... 4

*Greenberg v. Spitzer*,
   155 A.D.3d 27 (2d Dep't, 2017) ............................................................................... 4

*Holy Spirit Ass'n for Unification of World Christianity v. New York Times Co.*,
   49 N.Y.2d 63 (1979) ................................................................................................. 4

*Karedes v. Ackerley Group, Inc.*,
   423 F.3d 107 (2d Cir. 2005) ..................................................................................... 4

*Misek-Falkoff v. Am. Lawyer Media, Inc.*,
   300 A.D.2d 215 (1st Dep't 2002).............................................................................. 4

**Statutes**

New York Civil Rights Law § 74 ....................................................................... 1, 3, 4

**Rules**

Federal Rules of Civil Procedure Rule 12(b)(6) ...................................................... 1, 3

ii

Plaintiff, Ely Eddi ("**Plaintiff**" or "**Eddi**"), by and through the undersigned counsel, respectfully submit this memorandum of law in support of his motion for an Order dismissing the First Counterclaim of Defendants Elliot Antebi ("**Elliot**") and Rachel Antebi f/k/a Sutton ("**Rachel**," and together the "**Antebi Defendants**"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("**Fed. R. Civ. P.**"), for failure to state a cause of action, and for such other and further relief as this Court deems just and proper.

## INTRODUCTION

In their Answer to Second Amended Complaint as Limited by March 31, 2026 Opinion and Order ("**Answer with Counterclaims**," ECF No. 186), the Antebi Defendants assert a counterclaim against Plaintiff for defamation per se (the "**Counterclaim**"). The Counterclaim concerns an email (the "**Email**") allegedly circulated by Plaintiff to third parties in which Plaintiff described legal claims asserted in this action against the Antebi Defendants. The Email not only accurately references "the federal court filings" detailing Plaintiff's claims of fraud, conversion and theft, but even attaches a copy of the Plaintiff's then-proposed Second Amended Complaint (the "**Second Amended Complaint**"), which had been filed in the Southern District of New York prior to this action's transfer to the Eastern District of New York. Unhappy that their misconduct, which is the subject of this action, was revealed to nonparties, the Antebi Defendants filed the Counterclaim contending that they were defamed. However, the Counterclaim must be dismissed because Plaintiff's Email is protected by New York State's fair report privilege, which prohibits an action against a person that accurately reports on a judicial proceeding. *See* New York Civil Rights Law § 74.[1]

---

[1] The Antebi Defendants initially pleaded a defamation counterclaim against Eddi in a state court action pending in the Kings County Supreme Court (the "State Court Action"). *See* Declaration of Philippe Zimmerman, dated June 22, 2206 ("**Zimmerman Dec.**"), ¶ 3 and Ex. A. The parties stipulated to discontinuance of the counterclaim in the State Court Action and withdrawal of Eddi's

## FACTUAL BACKGROUND[2]

The Antebi Defendants allege that, on September 17, 2024, Eddi wrote and circulated a "mass email" – the Email – to approximately 165 recipients, described as members of the Antebi Defendants' "religious community, business network, and personal social circles," in which the Antebi Defendants were accused of committing fraud, conversion, and the theft of $2 million. Answer with Counterclaims, ¶¶ 254-56. The Antebi Defendants allege that Eddi also accused the Antebi Defendants in the Email of wrongfully retaining money, selling property, and retaining principal and profits belonging to Eddi.[3]  *Id.*, ¶ 257. The Antebi Defendants contend that these statements were false. Eddi is further alleged to have attached a pleading filed in this litigation to the Email. *Id.*, ¶ 256. According to the Counterclaim, Eddi framed the communication as a matter of "collective moral concern" and identified the Antebi Defendants as the subject of his statements by attaching a photograph of the Antebi Defendants to the Email. *Id.*, ¶ 258. While the Antebi Defendants attach a copy of the Email and the photograph as Exhibit A to the Answer with Counterclaims, they do not include the Second Amended Complaint. See *id.*, at Exhibit A.  A copy of the Second Amended Complaint, which was attached to the Email, is attached as Exhibit A to the Declaration of Ely Eddi, dated June 22, 2206 ("**Eddi Dec.**"). Eddi description in the Email of the misconduct expressly alleged in the Second Amended Complaint –  fraud, conversion,

---

motion to dismiss that counterclaim, without prejudice, so that the Antebi Defendants' Counterclaim and Eddi's motion to dismiss the Counterclaim could be presented in this action. Zimmerman Dec. ¶¶ 4-5 and Ex. B.

[2] Plaintiff disputes the truth of allegations as set forth in the Answer with Counterclaims. However, for the purposes of this motion only, the factual allegations in the Answer with Counterclaims are accepted as true.

[3] The Court is referred to the Email for the actual language that was used rather than the Antebi Defendants' characterization of the language. *See* Ex. A to the Counterclaim (ECF No. 186-1).

and the theft of $2 million – is the basis of the Counterclaim. *Compare* Answer with Counterclaim Ex. A and ¶¶ 254-57 *with* Eddi Dec. Ex. A, ¶¶ 252-64, 329-34, 346-56.

## ARGUMENT

### I.    LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.  Courts in the Second Circuit routinely grant dismissal pursuant to Fed. R. Civ. P. Rule 12(b)(6) where an absolute privilege, such as the fair report privilege, applies.   "[T]here is particular value in resolving defamation claims at the pleading stage, so as not to protract litigation through discovery and trial and thereby chill the exercise of constitutionally protected freedoms." *Biro v. Conde Nast*, 883 F. Supp. 2d 441, 457 (S.D.N.Y. 2012) (quotation marks and citation omitted); *see also Adelson v. Harris*, 973 F. Supp. 2d 467, 481 (S.D.N.Y. 2013), *aff'd*, 876 F.3d 413 (2d Cir. 2017).

### II.    THE ANTEBI DEFANDANTS' COUNTERCLAIM MUST BE DISMISSED BECAUSE THE ALLEGED DEFAMATORY STATEMENTS ARE PROTECTED BY NEW YORK'S FAIR REPORT PRIVILEGE

The fair report privilege, codified under New York Civil Rights Law § 74, provides that "[a] civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding[.]" N.Y. Civ. Rights Law § 74.  Whether or not the fair report privilege applies requires a determination of whether the report at issue is substantially accurate. *Bilinski v. Keith Haring Found., Inc.*, 96 F. Supp. 3d 35, 48–49 (S.D.N.Y.),

*aff'd in part*, 632 F. App'x 637 (2d Cir. 2015). "A report is substantially accurate if, despite minor inaccuracies, it does not produce a different effect on the reader than would a report containing the precise truth." *Karedes v. Ackerley Group, Inc.*, 423 F.3d 107, 119 (2d Cir. 2005) (quotations omitted). Under the fair report privilege, comments that "essentially summarize or restate the allegations of a pleading filed in an action are the type of statements that fall within the privilege for a fair and true report of a judicial or other official proceeding." *Greenberg v. Spitzer*, 155 A.D.3d 27, 43 (2d Dep't, 2017). Provided a quotation or reference to allegations from a complaint is substantially accurate, they are protected by the fair report privilege. *Gottwald v. Sebert*, 40 N.Y.3d 240, 255 (2023)

"A fair and true report admits ... some liberality." *Holy Spirit Ass'n for Unification of World Christianity v. New York Times Co.*, 49 N.Y.2d 63, 67 (1979). The exact words of every proceeding are not required; "inaccuracies and exaggerations are tolerated as long as the substance is substantially stated." *Id*. When determining whether a report is protected by the privilege, "the language used therein should not be dissected and analyzed with a lexicographer's precision." *Id*. at 68. Further, minor inaccuracies are "not serious enough to remove a party's reportage from the protection of Civil Rights Law § 74." *Misek-Falkoff v. Am. Lawyer Media, Inc.*, 300 A.D.2d 215, 216 (1st Dep't 2002). Notably, this statutory privilege applies broadly to any person, not just journalists or media outlets. *Cholowsky*, 69 A.D.3d at 114.

Here, the Email specifically identifies and attaches the "federal court filing[ ]" – the Second Amended Complaint – that is discussed in the Email. Indeed, the Email accurately identifies the Second Amended Complaint, which was attached to the Email, as "detail[ing] the fraud, conversion, and theft which has been perpetrated to the tune of roughly 2 million dollars," the very language Plaintiff complains of in the Counterclaim. *Compare* the Second Amended Complaint

4

(Eddi Dec., Ex. A), ¶¶ 252-64, 329-34, 346-56 *with* Ex. A to the Email (Answer with Counterclaim, ECF No. 186-1).  Plaintiff's statements are not only consistent but fairly describe the Second Amended Complaint, including citation to specific causes of action and damages alleged therein.  The Email references assisting the Antebi Defendants in securing a collateralized loan for which he has not received principal and was required to make interest payment to secure his collateral. *See* Exhibit A to Answer with Counterclaims, p. 3.  This directly reflects the allegations in the Second Amended Complaint regarding the collateralization agreement between Plaintiff and the Antebi Defendants. *See* Eddi Dec., Ex. A at ¶¶ 162-69, 175.  Plaintiff does not in the Email state that the Antebi Defendants committed crimes – rather, he writes: "I have attached the federal court filings which details the fraud, conversion, and theft which has been perpetrated to the tune of roughly 2 million dollars." Exhibit A to Answer with Counterclaims, p. 3.  This accurately reflects allegations in the Second Amended Complaint, specifically Plaintiff's claims against the Antebi Defendants for fraud (Counts XXI-XXII), conversion (Count XVIII), and theft (styled as breach of contract causes of action, Counts VI-VII). *See* Eddi Dec, Ex. A at ¶¶ 252-64, 329-34, 346-56.  And, by its very phrasing, it should be clear to recipients of the Email that it is reporting on a judicial proceeding. The additional statement that Elliot "unilaterally decided to borrow $260,000 without my permission where he sold the [p]roperty and kept my principle [sic] of 260k plus the profit due to me" is not merely a  description of allegations in the Second Amended Complaint, but indeed only understandable in the context provided in the Second Amended Complaint.  *Compare* Exhibit A to Answer with Counterclaims, p. 3 with Eddi Dec., Ex. A at ¶¶ 153-60, 170-74.

Accordingly, as Plaintiff's statements in the Email are clearly privileged under the fair report privilege, the Antebi Defendants' Counterclaim cannot be sustained.

5

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant his motion to

dismiss the Antebi Defendants' Counterclaim and grant such other and further relief as the Court

deems just and proper.

Dated: New York, New York
        June 22, 2026                    **GREENSPOON MARDER LLP**


By: _____

    Philippe Zimmerman
    Brian A. Bloom
    Mel DeCandia
    1345 Avenue of the Americas, Suite 2200
    New York, NY 10105
    Phone: (212) 524-5000
    Email: philippe.zimmerman@gmlaw.com
            brian.bloom@gmlaw.com
            mel.decandia@gmlaw.com

    *Attorneys for Plaintiff*