**GreenspoonMarder**LLP

Philippe Zimmerman, Partner
1345 Avenue of the Americas, Suite 2200
New York, NY 10105
Phone: 212.524.5000
Fax: 212.524.5050
Email: philippe.zimmerman@gmlaw.com

June 24, 2026

**VIA ECF**

Honorable Nina R. Morrison
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East, Courtroom 6E North
Morrison_Chambers@nyed.uscourts.gov

> Re: *Ely Eddi v. Elliot Antebi, et al.,* **Civil Action No. 1:26-cv-02647-NRM-JRC**

Dear Honorable Judge Morrison:

We are counsel for Plaintiff, Ely Eddi ("**Plaintiff**" or "**Eddi**"), in the above-referenced action. We write pursuant to Rule 5.1 of Your Honor's Individual Practice Rules to request a pre-motion conference regarding Plaintiff's anticipated motion to dismiss the counterclaim for defamation per se (the "**Counterclaim**") of Defendants Elliot Antebi ("**Elliot**") and Rachel Antebi f/k/a Sutton ("**Rachel**," and together the "**Antebi Defendants**").[1]

In their Answer to Second Amended Complaint as Limited by March 31, 2026 Opinion and Order ("**Answer with Counterclaims**," ECF No. 186), the Antebi Defendants assert the Counterclaim, which concerns an email (the "**Email**") allegedly circulated by Plaintiff to third parties in which Plaintiff described legal claims asserted in this action against the Antebi Defendants. The Email not only accurately references "the federal court filings" detailing Plaintiff's claims of fraud, conversion and theft, but even attaches a copy of the Plaintiff's then-proposed Second Amended Complaint (the "**Second Amended Complaint**," ECF No. 43), which had been filed in the Southern District of New York prior to this action's transfer to the Eastern District of New York.

Plaintiff seeks dismissal of the Counterclaim because Plaintiff's Email is protected by New York State's fair report privilege, codified as New York Civil Rights Law § 74, which prohibits

---

[1] Plaintiff respectfully notes that its failure to comply with Your Honor's Individual Practice Rules by filing a motion to dismiss the Antebi Defendants' Counterclaim without first having filed a pre-motion letter was an inadvertent error. Plaintiff filed the motion in good faith based upon Magistrate Judge James R. Cho's directive at the status conference held on May 13, 2026, that "[b]y 6/22/2026, plaintiff shall answer, move or otherwise respond to any counterclaims filed by defendants." *See* Minute Entry for Status Conference proceedings held on 5/13/2026 before Magistrate Judge James R. Cho. At that conference, Plaintiff had advised Judge Cho that it contemplated filing a motion to dismiss. No disrespect to this Court was intended.

Honorable Nina R. Morrison, U.S.D.J.
June 24, 2026
Page 2

an action against a person that accurately reports on a judicial proceeding. Under the fair report privilege, comments that "essentially summarize or restate the allegations of a pleading filed in an action are the type of statements that fall within the privilege for a fair and true report of a judicial or other official proceeding." *Greenberg v. Spitzer*, 155 A.D.3d 27, 43 (2d Dep't, 2017). Provided a quotation or reference to allegations from a complaint is substantially accurate, they are protected by the fair report privilege. *Gottwald v. Sebert*, 40 N.Y.3d 240, 255 (2023).

Plaintiff's Email, by its very phrasing, is reporting on a judicial proceeding. Furthermore, the Email accurately identifies the Second Amended Complaint, which was attached to the Email, as "detail[ing] the fraud, conversion, and theft which has been perpetrated to the tune of roughly 2 million dollars," the very language Plaintiff complains of in the Counterclaim. *Compare* Email (Answer with Counterclaims, ECF No. 186-1) *with* Second Amended Complaint, ¶¶ 252-64, 329-34, 346-56. Indeed, Plaintiff's statements are not only consistent but fairly describe the Second Amended Complaint, including citation to specific causes of action and damages alleged therein.

The Parties participated in a telephonic settlement conference before Magistrate Judge Cho on May 29, 2026, which was ultimately unsuccessful.

Respectfully submitted,

**GREENSPOON MARDER LLP**

Philippe Zimmerman

cc:    All Counsel of Record (via ECF)