# GUTMAN WEISS, P.C.

*Attorneys at Law*
2276 Sixty-Fifth Street
Brooklyn, N.Y. 11204
Tel. 718.259.2100
Fax. 718.259.2105*
e-mail- kt@gwpclaw.com

June 25, 2026

*Via ECF*
Honorable Nina R. Morrison
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Courtroom 6E North
Brooklyn, New York 11201
Morrison_Chambers@nyed.uscourts.gov

    **Re:**    Ely Eddi v. Elliot Antebi, et al., Civil Action No. 1:26-cv-02647-NRM-JRC.

Dear Honorable Judge Morrison:

We represent Defendants Elliot Antebi, Rachel Antebi f/k/a Sutton, and Ellemark Management LLC in the above-captioned action. We write in response to Plaintiff's corrected pre-motion conference request, ECF No. 193, by which Plaintiff seeks leave to move to dismiss Defendants' counterclaim for defamation per se.

Defendants respectfully oppose Plaintiff's request for leave to move. Plaintiff's proposed motion rests on a selective characterization of the September 17, 2024 email and asks the Court to resolve a context-dependent Civil Rights Law § 74 defense at the pleading stage. The counterclaim does not allege a neutral report of a judicial proceeding. It alleges that Plaintiff sent a mass email to approximately 165 recipients in Defendants' religious community, business network, and personal circles, including rabbis, communal leaders, and business associates, accusing Defendants of "fraud, conversion, and theft" "to the tune of roughly 2 million dollars,"

1

stating that such misconduct had been "perpetrated," and accusing Elliot Antebi of having "kept" money and profits belonging to Plaintiff.

That is not merely a report that allegations were made in a lawsuit. Defendants' counterclaim alleges that Plaintiff republished accusations of serious financial and criminal misconduct as accomplished fact to Defendants' community and business contacts. Plaintiff's letter attempts to avoid that distinction by arguing that the email referenced federal court filings and attached a pleading. But attaching or referencing a pleading does not automatically transform an accusatory mass email into a fair and true report of a judicial proceeding. The relevant question is whether the challenged communication, in substance and context, was a fair report of a proceeding or instead an actionable republication of defamatory accusations.

Plaintiff's proposed motion therefore is not the straightforward pleading defect Plaintiff suggests. It would require the Court to decide, on a motion to dismiss and based on Plaintiff's characterization of the email, that the challenged statements were privileged as a matter of law notwithstanding the email's wording, the audience selected, the manner of dissemination, and the counterclaim's allegations that Plaintiff presented disputed accusations as fact.

Respectfully submitted,

GUTMAN WEISS, P.C.

*/s/Kelly Z. Toledano*
Kelly Z. Toledano Esq.

cc: All Counsel of Record (via ECF)

2