**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ELY EDDI,<br><br>*Plaintiff,*<br><br>v.<br><br>ELLIOT ANTEBI, RACHEL ANTEBI F/K/A SUTTON, and ELLEMARK MANAGEMENT LLC,<br><br>*Defendants.* | Case No. 1:26-cv-02647-NRM-JRC<br><br>**REPLY TO COUNTERCLAIMS** |

Plaintiff-Counterclaim Defendant, Ely Eddi ("Plaintiff" or "Eddi"), by and through his attorneys, Greenspoon Marder LLP, as and for his reply to the counterclaims set forth in the Answer to Second Amended Complaint as limited by March 31, 2026 Opinion and Order (the "Counterclaims," ECF No. 186) filed by Defendants-Counterclaim Plaintiffs Elliot Antebi ("Elliot"), Rachel Antebi f/k/a Sutton ("Rachel," and together with Elliot, the "Individual Defendants"), and Ellemark Management LLC ("Ellemark," and collectively the "Defendants"), hereby alleges as follows:

**REPLY TO AS AND FOR A FIRST COUNTERCLAIM**

246. In response to the allegations in Paragraph 246 of the Counterclaims, Plaintiff repeats and realleges the allegations in Paragraphs 1 through 225 of the Second Amended Complaint and denies the allegations related to the defenses alleged in paragraphs 226 through 245 of the Counterclaims.

247. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of Defendants' statement as to their reasons for asserting the counterclaim as discussed in Paragraph 247 and, accordingly, denies the allegations. To the extent a response is further required,

Plaintiff respectfully refers the Court to documents filed in the referenced Kings County Supreme Court action captioned *Eddi v. Antebi*, Index No. 509647/2025 (the "Kings County Action").

248. The allegations in Paragraph 248 of the Counterclaims are legal conclusions to which no response is required. To the extent a response is required, Plaintiff respectfully refers the Court to documents filed in the Kings County Action.

249. Plaintiff admits that he moved to dismiss the counterclaim filed in the Kings County Action as alleged in Paragraph 249 of the Counterclaims, but that the parties subsequently stipulated to the discontinuance of that counterclaim, withdrawal of the motion in the Kings County Action, and that the Antebi Defendants' defamation counterclaim would be asserted in this action. Plaintiff respectfully refers the Court to documents filed in the Kings County Action.

250. The allegations in Paragraph 250 of the Counterclaims are legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations.

251. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of Defendants' statement of their reasons for asserting the counterclaim as discussed in Paragraph 251 of the Counterclaims, but reiterates that the parties stipulated to the discontinuance of the counterclaim, withdrawal of the motion in the Kings County Action, and that the Individual Defendants' defamation counterclaim would be asserted in this action. Plaintiff respectfully refers the Court to documents filed in the Kings County Action.

252. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of Defendants' intentions as discussed in Paragraph 252 of the Counterclaims, but reiterates that the parties stipulated to the discontinuance of the counterclaim, withdrawal of the motion in the Kings County Action, and that the Individual Defendants' defamation counterclaim would be

asserted in this action. Plaintiff respectfully refers the Court to documents filed in the Kings County Action.

253. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of Defendants' statement as to its concessions regarding the counterclaim filed in the Kings County Action as discussed in Paragraph 253 of the Counterclaims, but reiterates that the parties stipulated to the discontinuance of the counterclaim, withdrawal of the motion in the Kings County Action, and that the Individual Defendants' defamation counterclaim would be asserted in this action. Plaintiff respectfully refers the Court to documents filed in the Kings County Action.

254. Plaintiff admits to drafting and circulating an email dated September 17, 2024, respectfully refers the Court to the referenced email which speaks for itself, and otherwise denies the allegations in Paragraph 254 of the Counterclaims.

255. Plaintiff admits to drafting and circulating an email dated September 17, 2024, respectfully refers the Court to the referenced email which speaks for itself, and otherwise denies the allegations in Paragraph 255 of the Counterclaims, including that a true and complete copy of the email is attached to the Counterclaims.

256. Plaintiff admits to drafting and circulating an email dated September 17, 2024, respectfully refers the Court to the referenced email which speaks for itself, and otherwise denies the allegations in Paragraph 256 of the Counterclaims.

257. Plaintiff admits to drafting and circulating an email dated September 17, 2024, respectfully refers the Court to the referenced email which speaks for itself, and otherwise denies the allegations in Paragraph 257 of the Counterclaims.

258. Plaintiff admits to drafting and circulating an email dated September 17, 2024, respectfully refers the Court to the referenced email which speaks for itself, and otherwise denies the allegations in Paragraph 258 of the Counterclaims.

259. The allegations in Paragraph 259 of the Counterclaims are legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits to drafting and circulating an email dated September 17, 2024, respectfully refers the Court to the referenced email which speaks for itself, and otherwise denies the allegations as in Paragraph 259.

260. The allegations in Paragraph 260 of the Counterclaims are legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits to drafting and circulating an email dated September 17, 2024, respectfully refers the Court to the referenced email which speaks for itself, and otherwise denies the allegations in Paragraph 260.

261. The allegations in Paragraph 261 of the Counterclaims are legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits to drafting and circulating an email dated September 17, 2024, respectfully refers the Court to the referenced email which speaks for itself, and otherwise denies the allegations in Paragraph 261.

262. The allegations in Paragraph 262 of the Counterclaims are legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits to drafting and circulating an email dated September 17, 2024, respectfully refers the Court to the referenced email which speaks for itself, and otherwise denies the allegations in Paragraph 262.

263. The allegations in Paragraph 263 of the Counterclaims are legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits to drafting and circulating an email dated September 17, 2024, respectfully refers the Court to the referenced email which speaks for itself, and otherwise denies the allegations in Paragraph 263.

264. The allegations in Paragraph 264 of the Counterclaims are legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations in Paragraph 264.

265. The allegations in Paragraph 265 of the Counterclaims are legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits to drafting and circulating an email dated September 17, 2024, respectfully refers the Court to the referenced email which speaks for itself, and otherwise denies the allegations as in Paragraph 265.

266. The allegations in Paragraph 266 of the Counterclaims are legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits to drafting and circulating an email dated September 17, 2024, respectfully refers the Court to the referenced email which speaks for itself, and otherwise denies the allegations in Paragraph 266.

267. Plaintiff denies the allegations in Paragraph 267 of the Counterclaims.

268. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 268 of the Counterclaims and, accordingly, denies the allegations.

269. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 269 of the Counterclaims and, accordingly, denies the allegations.

270. The allegations in Paragraph 270 of the Counterclaims are legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations in Paragraph 270.

271. The allegations in Paragraph 271 of the Counterclaims are legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations in Paragraph 271.

272. The allegations in Paragraph 272 of the Counterclaims are legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations in Paragraph 272.

**REPLY TO AS AND FOR A SECOND COUNTERCLAIM**

273. In response to the allegations in Paragraph 273 of the Counterclaims, Plaintiff repeats and realleges the allegations in Paragraphs 1 through 225 of the Second Amended Complaint and denies the allegations in paragraphs 226 through 272 of the Counterclaims.

274. Plaintiff denies the allegations in Paragraph 274 of the Counterclaims.

275. Plaintiff denies the allegations in Paragraph 275 of the Counterclaims.

276. Plaintiff denies the allegations in Paragraph 276 of the Counterclaims.

277. The allegations in Paragraph 277 of the Counterclaims are legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations in Paragraph 277.

278. The allegations in Paragraph 278 of the Counterclaims are legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations in Paragraph 278.

279. The allegations in Paragraph 279 of the Counterclaims are legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations in Paragraph 279.

280. The allegations in Paragraph 280 of the Counterclaims are legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations in Paragraph 280.

281. The allegations in Paragraph 281 of the Counterclaims are legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations in Paragraph 281.

282. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 282 of the Counterclaims and, accordingly, denies the allegations.

283. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 283 of the Counterclaims and, accordingly, denies the allegations.

284. Plaintiff denies the allegations in Paragraph 284 of the Counterclaims.

285. Plaintiff denies the allegations in Paragraph 285 of the Counterclaims.

286. Plaintiff denies the allegations in Paragraph 286 of the Counterclaims.

287. Plaintiff denies the allegations in Paragraph 287 of the Counterclaims.

288. Plaintiff denies the allegations in Paragraph 288 of the Counterclaims.

289. The allegations in Paragraph 289 of the Counterclaims are legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations in Paragraph 289.

290. The allegations in Paragraph 290 of the Counterclaims are legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations in Paragraph 290.

291. The allegations in Paragraph 291 of the Counterclaims are legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations in Paragraph 291.

292. The allegations in Paragraph 292 of the Counterclaims are legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations in Paragraph 292 of the Counterclaims.

**REPLY TO AS AND FOR A THIRD COUNTERCLAIM**

293. In response to the allegations in Paragraph 293 of the Counterclaims, Plaintiff repeats and realleges the allegations in Paragraphs 1 through 225 of the Second Amended Complaint and denies the allegations in paragraphs 226 through 292 of the Counterclaims.

294. The allegations in Paragraph 294 of the Counterclaims are legal conclusions to which no response is required.

295. Plaintiff denies the allegations in Paragraph 295 of the Counterclaims.

296. Plaintiff denies the allegations in Paragraph 296 of the Counterclaims.

297. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 297 of the Counterclaims and, accordingly, denies the allegations.

298. Plaintiff denies the allegations in Paragraph 298 of the Counterclaims.

299. Plaintiff denies the allegations in Paragraph 299 of the Counterclaims.

300. Plaintiff denies the allegations in Paragraph 300 of the Counterclaims.

301. The allegations in Paragraph 301 of the Counterclaims are legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations in Paragraph 301.

302. The allegations in Paragraph 302 of the Counterclaims are legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations in Paragraph 302.

303. The allegations in Paragraph 303 of the Counterclaims are legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations in Paragraph 303.

**REPLY TO AS AND FOR A FOURTH COUNTERCLAIM**

304. In response to the allegations in Paragraph 304 of the Counterclaims, Plaintiff repeats and realleges the allegations in Paragraphs 1 through 225 of the Second Amended Complaint and denies the allegations in paragraphs 226 through 303 of the Counterclaims.

305. The allegations in Paragraph 305 of the Counterclaims are legal conclusions to which no response is required.

306. Plaintiff denies the allegations in Paragraph 306 of the Counterclaims.

307. Plaintiff denies the allegations in Paragraph 307 of the Counterclaims.

308. Plaintiff denies the allegations as set forth in Paragraph 308 of the Counterclaims.

309. Plaintiff denies the allegations in Paragraph 309 of the Counterclaims.

310. The allegations in Paragraph 310 of the Counterclaims are legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations in Paragraph 310.

311. The allegations in Paragraph 311 of the Counterclaims are legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations in Paragraph 311.

312. Plaintiff denies the allegations in Paragraph 312 of the Counterclaims.

**PRAYER FOR RELIEF**

The WHEREFORE clause, and all of its subparts, sets forth a conclusion of law to which no answer is required. To the extent an answer is required, Eddi denies the allegations as set forth in the WHEREFORE clause of the Counterclaims.

**GENERAL DENIAL**

Plaintiff denies all claims and allegations in the Counterclaims not expressly admitted herein.

**AFFIRMATIVE DEFENSES TO COUNTERCLAIMS**

Plaintiff repeats, reiterates, and realleges all allegations in the Second Amended Complaint and, without assuming a burden where the law does not impose such a burden, Plaintiff hereby asserts the following Affirmative Defenses:

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

The Counterclaims fail to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

The Counterclaims fail to allege the counterclaims with sufficient particularity.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

To the extent that Defendants have suffered any damages, which Plaintiff expressly denies, Defendants' Counterclaims are barred in whole or in part to the extent that Defendants failed to mitigate, minimize and/or avoid their alleged damages.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

To the extent that Defendants have suffered any damages, which Plaintiff expressly denies, any and all loss or damages are the results of Defendants' own wrongful conduct.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

Defendants' claims are barred, in whole or in part, because the alleged damages to Defendants were caused, in whole or in part, by the acts or omissions of third parties over which Plaintiff had and has no control.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

Defendants' claims are barred, in whole or in part, by the doctrine of laches.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

Defendants' claims are barred, in whole or in part, by the doctrine of estoppel.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

Defendants' claims are barred, in whole or in part, by the doctrine of unclean hands.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

Defendants' claims are barred, in whole or in part, by the doctrine of waiver.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

As detailed in the Second Amended Complaint, Defendants' claims are barred because Defendants engaged in fraud against Plaintiff.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

Defendants' claims are barred by the applicable statutes of limitation.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

The Individual Defendants' claim for defamation is barred by the fair report privilege.

**RESERVATION OF RIGHTS**

The Counterclaims contain insufficient information to permit Plaintiff to raise all appropriate defenses and therefore Plaintiff reserves all rights to amend, modify, and/or supplement this Reply to Counterclaims with additional defenses and/or claims based on legal

theories, facts, and circumstances that may or will be divulged through discovery and/or further legal analysis of Defendants' position in this action.

**WHEREFORE,** Plaintiff demands judgment against Defendants, dismissing Defendants' Counterclaims with prejudice and denying Defendants the relief requested therein, and granting Plaintiff the relief requested in the Second Amended Complaint, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
October 22, 2026

**GREENSPOON MARDER LLP**

By: ______________________________

Philippe Zimmerman
Brian A. Bloom
Mel DeCandia
1345 Avenue of the Americas, Suite 2200
New York, NY 10105
Phone: (212) 524-5000
Email: philippe.zimmerman@gmlaw.com
brian.bloom@gmlaw.com
mel.decandia@gmlaw.com

*Attorneys for Plaintiff Ely Eddi*